Christopher A. Seeger, Esq.
David R. Buchanan, Esq.
Scott Alan George, Esq.
**SEEGER WEISS LLP**
550 Broad Street, Suite 920
Newark, NJ 07102-4573
(973) 639-9100 telephone
(973) 639-9393 facsimile
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DONNA MARIE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL, INC., AND C.R. BARD, INC.<br><br>Defendants. | ) | Docket No. _______________<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DONNA MARIE DAVIS (alternatively referred to as "Plaintiff'), residing at 2336 East 96th Street, Chicago, Illinois 60617, by and through her undersigned attorneys, hereby sues the Defendant C.R. BARD, INC., which has its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974, and Defendant DAVOL, INC., a subsidiary or division of C.R. BARD, INC., with its principal place of business at 100 Sockanossett Crossroad, Cranston, Rhode Island 02920 and alleges as follows:

**<u>BACKGROUND</u>**

1. This is an action for damages suffered by Plaintiff as a direct and proximate result of the Defendants negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the

product known as Bard Composix Kugel Mesh Hernia Patch (hereinafter referred to as "the patch" or "the subject product").

2. At all times material hereto, the patch was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendants.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 United States Code Section 1332, as complete diversity exists between Plaintiff and Defendants. Plaintiff is a citizen of the State of Illinois, and Defendant C.R. BARD INC. is a corporation that is incorporated and has its principal place of business in the State of New Jersey. It is the corporate parent/stockholder of Defendant DAVOL, INC. The amount in controversy exceeds seventy thousand dollars ($75,000.00), exclusive of interest and costs.

4. Venue in this action properly lies in the District of New Jersey pursuant to 28 United States Code Section 1391, as a substantial number of the events, actions or omissions giving rise to Plaintiff's claims occurred in this district. At all times material hereto, Defendants conducted substantial business in this district.

**PARTIES**

5. Plaintiff DONNA MARIE DAVIS is a resident of Chicago, Illinois.

6. On or about October 28, 2003, Plaintiff was implanted with BARD COMPOSIX KUGEL MESH PATCH measuring approximately 19.6 cm x 24.6 cm.

7. Defendant, Davol Inc. ("Davol") is a corporation that is incorporated under the laws of the State of Rhode Island. Davol has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch"). Davol focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

8. Defendant, C. R. Bard Inc. ("Bard") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch.

9. At all times material hereto, the Defendants, DAVOL, INC., and C.R. BARD, INC., were engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling the patch.

## SUBSTANTIVE ALLEGATIONS

10. Defendant Davol designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into Plaintiff's body.

11. Defendant Davol, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into Plaintiff's body.

12. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

13. Defendants participated in the marketing, distribution and sale of the Kugel Patch as safe for its intended purpose, fully and properly tested for safety and potential risks, and free from the kinds of risks and hazards that the Kugel Patch actually posed to the public, including Plaintiff.

14. The Kugel Patch hernia repair product implanted in Ms. Davis was designed, manufactured, sold and distributed by Davol to be used by surgeons for hernia repair surgeries and was further represented by Davol to be an appropriate, cost-effective and suitable product for such purpose.

15. A Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health.

16. The recall was due to a faulty "memory recoil ring" that can break under pressure, causing the kind of injury suffered by Ms. Davis. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

17. In the months that followed the surgery, Plaintiff's condition worsened. Ms. Davis suffered under extreme pain, discomfort, chronic diarrhea and weight loss. Despite an aggressive regimen of antibiotics, neither the pain nor the chronic diarrhea nor the weight loss abated.

18. Any applicable statutes of limitation have been tolled by the knowing and active concealment and denial of material facts known by defendants when they had a duty to disclose those facts. They have kept plaintiff and others ignorant of vital information essential to his pursuit of these claims, without any fault or lack of diligence on plaintiff's part, for the purpose of obtaining delay on plaintiff's part in filing a complaint on his causes of action. Their fraudulent concealment did result in such delay.

19. The Defendants are and were under a continuing duty to disclose the true character, quality and nature of the patch that was implanted in Plaintiff, but instead they concealed them. As a result, Defendants are estopped from relying on any statute of limitations defenses.

## COUNT I
## Products Liability Act – Failure to Warn

20. The foregoing paragraphs of this Complaint are realleged and incorporated by reference.

21. Defendants designed, tested, manufactured, marketed, sold and/or distributed the patch. As such, it had a duty to warn the using public, including Plaintiff, of the health risks associated with using the subject product.

22. The subject product was under the exclusive control of Defendants and was unaccompanied by appropriate warnings regarding the health risks associated with its use. The warnings given did not accurately reflect the risk, incidence, symptoms, scope or severity of such injury to the consumer. The promotional activities of Defendants further diluted or minimized the warnings given with the product.

23. The subject product was defective and unreasonably dangerous when it left the possession of the Defendants in that it contained warnings insufficient to alert Plaintiff to the dangerous risks and reactions associated with it. Even though Defendants knew or should have known of the risks and reactions associated with the subject product, it still failed to provide warnings that accurately reflected the signs, symptoms, incidence, scope, or severity of these risks.

24. Plaintiff used the patch for its intended purpose at the time it was implanted by her surgeon.

25. Plaintiff could not have discovered any defect in the subject product through the exercise of reasonable care.

26. Defendants, as a manufacturer of medical devices, is held to the level of knowledge of an expert in the field, and further, Defendants had knowledge of the dangerous risks and side effects of the subject product.

27. Plaintiff did not have the same knowledge as Defendants and no adequate warning was communicated to her.

28. Defendants had a continuing duty to warn consumers, including Plaintiff, of the dangers associated with the subject product. By negligently and/or wantonly failing to adequately warn of the dangers of use of the subject product, Defendants breached its duty.

29. Although Defendants knew of the defective nature of the subject product, they continued to design, manufacture, market, and sell it without providing accurate, adequate, and complete warnings concerning its use so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious, and deliberate disregard of the foreseeable harm caused by the subject product.

30. As a direct and proximate result of the Defendants' failure to adequately warn or other wrongdoing and actions of Defendants described herein, Plaintiff has sustained serious and permanent injuries, and will continue to suffer injury, harm, and economic loss.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**COUNT II**
**Products Liability Act – Defective Design**

31. The foregoing paragraphs of this Complaint are realleged and incorporated by reference.

32. Defendants are the manufacturers, sellers, distributors, marketers, and/or suppliers of the BARD KUGEL COMPOSIX MESH PATCH, which is defective and unreasonably dangerous to consumers.

33. At all relevant times Defendants were responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing, and selling the patch.

34. In January 2001, the patch was approved for marketing and sale in the treatment of hernia repairs requiring reinforcement with a nonabsorbable support material.

35. The subject product was designed, manufactured, sold, distributed, supplied, marketed, and/or promoted by Defendants, and was expected to reach and did reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendants.

36. The subject product was defective in its design and was unreasonably dangerous in that its foreseeable risks exceeded the benefits associated with its design or formulation. The patch was defective in that it contained a “memory recoil ring” which can and does break under the stress of placement. The ruptured recoil ring can cause perforation of the bowel, bowel obstruction, chronic intestinal fistulae, infection and other unknown injury.

37. Although Defendants actually knew of the defective nature of the subject product, it continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious and deliberate disregard of the foreseeable harm caused by the subject product.

38. The patch subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. As a direct and proximate result of the design defects of the subject product, Plaintiff has sustained serious and permanent injuries, and will continue to suffer, injury, harm, and economic loss.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys’ fees and all such other relief as the Court deems proper.

**COUNT III**
**<u>Breach of Express Warranty</u>**

39. The foregoing paragraphs of this Complaint are realleged and incorporated by reference.

40. Defendants expressly represented to Plaintiff DONNA MARIE DAVIS, other consumers and the medical community that the BARD KUGEL COMPOSIX PATCH was safe and fit for its intended purposes, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested.

41. The patch does not conform to Defendants' express representations because it is not safe, has numerous and serious side effects, and causes severe and permanent injuries.

42. At all relevant times the patch did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

43. Plaintiff DONNA MARIE DAVIS, other consumers and the medical community relied upon Defendants' express warranties.

44. As a direct and proximate result of Defendants' express warranties of the subject product, Plaintiff has sustained serious and permanent injuries, and will continue to suffer, injury, harm, and economic loss.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**COUNT IV**
**Punitive Damages Under Common Law and Products Liability Act**

45. The foregoing paragraphs of this Complaint are realleged and incorporated by reference.

46. Although Defendants knew or recklessly disregarded the fact that the subject product causes debilitating and potentially lethal side effects, Defendants continued to market the subject product to consumers, including Plaintiff, without disclosing these side effects until the Class I recall of the subject product.

47. Defendants knew of the subject product's defective nature, as set forth herein, but continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or negligent disregard of the foreseeable harm caused by the subject product.

48. Defendants intentionally concealed or recklessly failed to disclose to the public, including Plaintiff, the potentially life-threatening side effects of the subject product to ensure their continued and increased sales. This intentional and/or reckless failure to disclose information deprived Plaintiff of the information necessary for her to weigh the true risks of using the subject product against the benefits.

49. Defendants' aforementioned conduct was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and it from similar conduct in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**COUNT V**
**Violations of New Jersey Consumer Fraud Act**

50. The foregoing paragraphs of this Complaint are realleged and incorporated by reference.

51. The subject product is "merchandise" as that term is defined by N.J.S.A. 56:8-1(c).

52. Defendants are the manufacturers, marketers, and/or distributors of the BARD KUGEL COMPOSIX MESH PATCH.

53. Unfair methods of competition and unfair or deceptive acts or practices are defined and declared unlawful in N.J.S.A. 56:8-1, *et seq.*:

> **56:8-2. Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice.**
> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

54. Defendants knew or should have known that the use of the subject product causes serious and potentially life-threatening side effects.

55. Defendants' promotion of the subject product, which included misrepresentations and the active concealment of information about its defects and dangers, created or reinforced a false impression as to its safety and placed all users of the subject product at risk for serious and potentially lethal side effects.

56. Defendants' misrepresentations and active concealment of information about the defects and dangers of the subject product were undertaken with the intent that the general public, including Plaintiff, would rely on such misrepresentations and omissions.

57. Plaintiff was implanted with the subject product and suffered an ascertainable loss of money as a result of Defendants' use or employment of the methods, acts, or practices alleged herein.

58. The aforesaid promotion of the subject product by Defendants constitutes an unconscionable commercial practice, deception, false pretense, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts with the intent that others rely

upon such concealment, suppression, or omission in connection with the sale or advertisement of merchandise or services by Defendants, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*

59. Defendants knew of the growing public acceptance of the misinformation, or incomplete information, and misrepresentations regarding the safety and efficacy of the subject product, but remained silent due to the large profits being earned.

60. As a direct and proximate cause of Defendants' acts of consumer fraud, Plaintiff has suffered ascertainable loss — economic loss that includes the purchase price of the subject product and other out-of-pocket healthcare related costs — for which Defendants are liable to Plaintiff for treble her actual damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays of this Court and demands of Defendants as follows:

a. That Plaintiff be granted and recover actual damages incidental to her purchase and use of the patch in an amount to be determined at trial;

b. That Plaintiff be granted and recover treble and punitive damages;

c. That Plaintiff be granted pre-judgment and post-judgment interest;

d. That the costs of this action be taxed to Defendants;

e. That Plaintiff be granted reasonable attorneys' fees and costs as provided by law; and

f. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

The Plaintiff demands a trial by jury on all issues.

Dated: May 5, 2008

**SEEGER WEISS LLP**

By: _/s/ Scott Alan George______________

Christopher A. Seeger (CS-4880)
David R. Buchanan
Scott A. George (SG-0897)
SEEGER WEISS LLP
550 Broad Street, Suite 920
Newark, New Jersey 07102-4573
(973) 639-9100 tel.
(973) 639-9393 fax.

**Attorneys for Plaintiff**

**CERTIFICATION UNDER LOCAL CIVIL RULE 11.2**

Plaintiff, by her attorneys, hereby certifies that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceedings.

Dated: May 5, 2008

**SEEGER WEISS LLP**

By: __/s/ Scott Alan George________

Christopher A. Seeger (CS-4880)
David R. Buchanan
Scott A. George (SG-0897)
550 Broad Street, Suite 920
Newark, New Jersey 07102
Tel.: (973) 639-9100
Fax: (973) 639-9393

**CERTIFICATION OF NOTICE**

Pursuant to N.J.S.A. 56:8-20, Plaintiff is mailing a copy of this Complaint and Jury Demand to the Office of the Attorney General, CN-006, Trenton, New Jersey, within ten (10) days of the filing of this Complaint and Jury Demand.

Dated: May 5, 2008

**SEEGER WEISS LLP**

By: __/s/Scott_A._George______________

Christopher A. Seeger (CS-4880)
David R. Buchanan
Scott A. George (SG-0897)
550 Broad Street, Suite 920
Newark, New Jersey 07102
Tel.: (973) 639-9100
Fax: (973) 639-9393